# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: <u>1:24−mj−00184−HKS</u>−1

Case title: USA v. Chowdhury                     Date Filed: 11/19/2024

Other court case number:  24−CR−466 Eastern District of New
                          York

---

Assigned to: Hon. H. Kenneth
Schroeder Jr.


**<u>Defendant (1)</u>**

**Noor Nabi Chowdhury**          represented by   **Jeffrey T. Bagley**
                                                  Federal Public Defender
                                                  300 Pearl Street
                                                  Suite 200
                                                  Buffalo, NY 14202
                                                  716−551−3341
                                                  Email: <u>jeffrey_bagley@fd.org</u>
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Public Defender Appointment*


| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level<br>(Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| 18:371.F − CONSPIRACY TO<br>DEFRAUD THE UNITED<br>STATES | |

---

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **USA** | | represented by **Andrew J. Henning**<br>U.S. Attorney's Office − Buffalo<br>Federal Centre<br>138 Delaware Avenue<br>Buffalo, NY 14202<br>716−843−5796<br>Email: andrew.henning@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: government attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2024 | | Arrest (Rule 5) of Noor Nabi Chowdhury (LMG) (Entered: 11/19/2024) |
| 11/19/2024 | 1 | Rule 5(c)(3) Documents Received as to Noor Nabi Chowdhury (LMG) (Entered: 11/19/2024) |
| 11/19/2024 | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Initial Appearance in Rule 5(c)(3) Proceedings as to Noor Nabi Chowdhury held on 11/19/2024.<br><br>Court assigned AFPD Jeffrey Bagley to represent defendant for purposes of this proceeding. Defendant and Mr. Bagley acknowledged receipt of a copy of the Indictment and Arrest Warrant issued in the Eastern District of New York. Defendant waived identity hearing and executed a waiver.<br><br>Government not opposed to defendant's release upon the imposition of certain terms and conditions of release. Court released defendant and imposed the terms and conditions of his release. Defendant required to execute a non−secured bond in the amount of $25,000.00 and surrender his passport and any other documentation that would permit him to travel in foreign commerce.<br><br>Court directed defendant to appear in the Eastern District of New York on 12/5/2024 at 11:00 AM. Defendant directed to travel directly from the Western District of New York to the Eastern District of New York for his appearance. Court reserved all of defendant's rights when he appears in the Eastern District of New York.<br><br>Appearances: AUSA Andrew Henning for the government; AFPD Jeffrey Bagley with defendant; USPO Brian Mamizuka. (Court Reporter FTR Gold)(LMG) (Entered: 11/19/2024) |
| 11/19/2024 | 2 | WAIVER of Rule 5(c)(3) Hearing by Noor Nabi Chowdhury (LMG) (Entered: 11/19/2024) |
| 11/19/2024 | 3 | Signature Bond Entered as to Noor Nabi Chowdhury in amount of $ 25,000.00. (LMG) (Entered: 11/19/2024) |
| 11/19/2024 | 4 | ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL as to Noor Nabi Chowdhury. Signed by Hon. H. Kenneth Schroeder Jr. on 11/19/24.(LMG) (Entered: 11/19/2024) |
| 11/19/2024 | 5 | |

| | | ORDER Setting Conditions of Release as to Noor Nabi Chowdhury. Signed by Hon. H. Kenneth Schroeder Jr. on 11/19/24.(LMG) (Entered: 11/20/2024) |

**FILED**
**IN CLERK'S OFFICE**
**US DISTRICT COURT E.D.N.Y.**
**\* NOVEMBER 15, 2024 \***
**BROOKLYN OFFICE**

FTB:RMS
F. #2022R00552

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

NOOR NABI CHOWDHURY and
MOHAMMAD MAHMUDUR RAHMAN,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No.   **24-CR-466**

(T. 18, U.S.C., §§ 371, 981(a)(1)(C),
2319C(b)(1), 2319C(c)(1), 2323(b)(1),
2323(b)(2), 1349, 1028A(a)(1), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

**Judge Margo K. Brodie**
**Magistrate Judge Lara K. Eshkenazi**

<u>INTRODUCTION</u>

At all times relevant to this Indictment, unless otherwise indicated:

I.   <u>Relevant Individuals and Entities</u>

       1.    The defendant NOOR NABI CHOWDHURY was a resident of Brooklyn, New York until approximately 2019 and thereafter of Cheektowaga, New York.

       2.    The defendant MOHAMMAD MAHMUDUR RAHMAN was a resident of Bangladesh.

       3.    247TVStream was a service that provided online video and sports streaming services. For a subscription fee of as little as $10 per month, 247TVStream enabled its subscribers to view live television and sports programs on their internet-connected devices. However, unlike legitimate streaming services, 247TVStream had not licensed the right to access those programs from the platforms on which they were legitimately offered. The defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, together with others, operated 247TVStream.

4. Victim #1, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

5. Victim #2, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

6. Victim #3, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in Omaha, Nebraska.

7. Victim #4, an entity the identity of which is known to the Grand Jury, was a content provider headquartered in New York, New York.

8. Victim #5, an individual the identity of which is known to the Grand Jury, was a resident of Fremont, California.

9. The Merchant Processors, entities the identity of which are known to the Grand Jury, are companies that handled electronic payment transactions on behalf of 247TVStream, allowing it to accept subscription payments from customers by way of credit card, debit card, or other electronic payment, and then distributing the proceeds into bank accounts controlled by the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN.

10. The Financial Institutions, entities the identity of which are known to the Grand Jury, are banks with whom the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN opened accounts to collect payments distributed by the Merchant Processors and to transfer money through shell companies they controlled.

II. Additional Background Information

11. In general, with respect to enabling merchants to accept payments from their customers, a merchant processor relays the payment information to the customer's bank

(known as the "issuing bank") and the merchant's bank (known as the "acquiring bank"). The merchant processor confirms from the customer's bank that the payment information is valid. Upon confirmation that the payment information is valid, the merchant processor arranges to have the necessary funds routed from the customer's bank to the merchant's bank, ultimately for the benefit of the merchant.

12. To obtain a merchant processing account, a merchant typically submits an application to the merchant processor, which includes information that allows the merchant processor to assess whether the merchant presents an acceptable risk profile. Among other factors, merchant processors consider the nature of the merchant's business, the merchant's credit history and the merchant's history of chargebacks, which are customer-initiated payment reversals.

III.   The Fraudulent Scheme

13. From in or about May 2017 and November 2024, the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, together with others, operated 247TVStream, an online subscription-based service that permitted users to stream copyrighted content, such as sports programming and television shows, without the permission of the relevant copyright owners. During that time, CHOWDHURY and RAHMAN willfully and without authorization distributed infringing content, including television and sports programming (the "Video Content"), from dozens of copyright-holders to individuals located throughout the United States. To perpetuate the scheme, CHOWDHURY, RAHMAN and their co-conspirators fraudulently obtained Video Content and subscriber fees from, and at the expense of, the Video Content Providers; money and merchant processing accounts from the Merchant Processors; and money and bank accounts from the Financial Institutions. The

3

estimated harm caused by 247TVStream to television program copyright owners, including Victim #1, Victim #2, Victim #3 and Victim #4, as well as licensed streaming services, is more than $100 million dollars.

a. The Defendants Fraudulently Obtained the Video Content

14. Victim #1, Victim #2, Victim #3 and Victim #4 each operated a digital streaming subscription service that offered subscriptions to live content to its fee-paying subscribers. The live content offered by Victim #1, Victim #2, Victim #3 and Victim #4 is protected by the Copyright Act. Customers who signed up to receive live content services from Victim #1, Victim #2, Victim #3 and Victim #4 are subject to terms of service that are provided to the customer and made available on the website for each. The terms of service for Victim #1, Victim #2, Victim #3 and Victim #4 each provide that the video content can be used only for the subscriber's private non-commercial use and enjoyment and expressly prohibit rebroadcasting or transmitting the content.

15. In addition to the Video Content provided by Victim #1, Victim #2, Victim #3 and Victim #4, the defendants NOOR NABI CHOWDHURY and MOHAMMAD MAHMUDUR RAHMAN, without authorization, distributed through 247TVStream the copyrighted Video Content of multiple other providers of Video Content (together with Victim #1, Victim #2, Victim #3 and Victim #4, the "Video Content Providers").

16. The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN obtained access to the Video Content, among other ways, by purchasing subscriptions, and causing others to subscribe, to the Video Content Providers' services.

4

17.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN did not at any point disclose to the Video Content Providers that, in subscribing to and accessing the Video Content Providers' services, they intended to copy, transmit and stream the Video Content to thousands of their own subscribers.

     b.   <u>The Defendants Fraudulently Distributed the Video Content to Paid 247TVStream Subscribers</u>

18.     After they fraudulently obtained the Video Content from the Video Content Providers, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN established multiple websites that allowed 247TVStream subscribers to access the Video Content as well as to submit inquiries and requests.

19.     In order to distribute the Video Content, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN rented server space to host the websites for 247TVStream.

20.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN did not seek or obtain authorization from the Video Content Providers, copyright holders or licensees to distribute, transmit, copy or stream the Video Content.

21.     247TVStream offered an Apple application called 247 IPTV Player that allowed subscribers to access the Video Content from various devices.   In connection with obtaining that application, on or about May 21, 2018, the defendant NOOR NABI CHOWDHURY accepted terms of service from Apple that prohibited using the application to violate the law or infringe on the intellectual property rights of a third party.   CHOWDHURY was listed as the developer of the application, and the corresponding Apple developer account was registered to CHOWDHURY's residence in Brooklyn, New York.

22.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN publicized 247TVStream by purchasing subscriptions to advertising services that sent email and SMS communications to recruit potential subscribers to 247TVStream.

### c. The Defendants Fraudulently Obtained and Processed Subscription Fees

23.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN collected more than $7 million in subscriber fees from subscribers to 247TVStream.

24.     To accept those subscriber fees, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN applied for and, in some cases, obtained merchant processing accounts with the Merchant Processors.  To conceal the true nature of 247TVStream, CHOWDHURY and RAHMAN falsely described, and caused to be falsely described, the nature of 247TVStream and the identity of its owners on applications to the Merchant Processors.

25.     To collect the proceeds from 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN applied for, and in some cases, obtained, accounts with the Financial Institutions.  To conceal the true nature of 247TVStream, CHOWDHURY and RAHMAN falsely described, and caused to be falsely described, the nature of 247TVStream and/or the identity of its owners on documentation submitted to the Financial Institutions.

26.     To conceal the true nature of 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN established shell companies and used existing shell companies to open accounts with the Financial Institutions and to create

accounts with the Merchant Processors. These shell companies included, but are not limited to, ASP International Inc. ("ASP International"), AME Soft LLC ("AME Soft"), and GPL Hat LLC ("GPL Hat").

27.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN made electronic payments from bank accounts that they controlled, sometimes associated with shell companies they controlled, to pay for infrastructure in furtherance of 247TVStream, such as payments for server space.

28.     The defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN initiated electronic wire transfers between bank accounts that they controlled, sometimes associated with shell companies, including electronic wire transfers directly between bank accounts controlled by CHOWDHURY and RAHMAN.

29.     To conceal the true nature of 247TVStream, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN obtained the means of identification of Victim #5 and caused fraudulent identification documents to be made bearing the means of identification of Victim #5. CHOWDHURY and RAHMAN, together with others, used the fraudulent means of identification of Victim #5 to open accounts with the Merchant Processors, the Financial Institutions and other entities.

<u>COUNT ONE</u>
(Conspiracy to Commit Illicit Digital Transmission Services)

30.     The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

31.     In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN,

together with others, did knowingly and intentionally conspire to willfully, and for purposes of commercial advantage and private financial gain, offer and provide to the public a digital transmission service that is primarily designed and provided for the purpose of publicly performing works protected under Title 17 of the United States Code by means of digital transmission without the authority of the copyright owner or the law, in violation of Title 17, United States Code, Section 506, and Title 18, United States Code, Section 2319C.

32.     In furtherance of the conspiracy and to accomplish its objects, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, committed and caused the commission of the following, among others:

OVERT ACTS

(a)     On or about May 26, 2017, CHOWDHURY registered an account, listing an address in Brooklyn, New York, with a server-hosting company to rent server space for websites used to provide 247TVStream subscribers with access to the Video Content.

(b)     On or about March 13, 2019, RAHMAN caused AME Soft to be incorporated with the Delaware Division of Corporations.

(c)     On or about August 26, 2019, CHOWDHURY used Victim #5's means of identification without Victim #5's knowledge and consent to open an account with one of the Merchant Processors in the name of GPL Hat.

(d)     On or about August 27, 2019, RAHMAN caused GPL Hat to be incorporated with the Delaware Division of Corporations by submitting fraudulent identification documents bearing Victim #5's personal identifying information without Victim #5's knowledge and consent and falsely identifying Victim #5 as Chief Executive Officer.

(e)     On or about July 12, 2022, CHOWDHURY and RAHMAN approved a six-month subscription to 247TVStream to begin for a law enforcement agent acting in an undercover capacity within the Eastern District of New York.

(f)     On or about May 31, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #1, or the law.

(g)     On or about June 1, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #4, or the law.

(h)     On or about June 2, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #3, or the law.

(i)     On or about October 24, 2024, CHOWDHURY and RAHMAN caused a program to be digitally transmitted in the Eastern District of New York without the authority of the copyright owner, namely, Victim #2, or the law.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Illicit Digital Transmission Services)

33.     The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

34.     In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, did willfully, and for purposes of commercial advantage and private

9

financial gain, offer and provide to the public a digital transmission service that was primarily designed and provided for the purpose of publicly performing works protected under Title 17 of the United States Code by means of digital transmission without the authority of the copyright owners, including, but, not limited to, Victim #1, Victim #2, Victim #3 and Victim #4, or the law.

(Title 18, United States Code, Sections 2319C(b)(1), 2319C(c)(1), 2 and 3551 et seq.)

## COUNT THREE
### (Conspiracy to Commit Wire Fraud)

35. The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

36. In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud and obtain money from one or more of the Video Content Providers, Merchant Processors and Financial Institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted, by means of wire communications in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: electronic transmissions submitted through the Video Content Providers, Merchant Processors and Financial Institutions, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

10

## COUNT FOUR
### (Aggravated Identity Theft)

37. The allegations contained in paragraphs one through 29 are realleged and incorporated as if fully set forth in this paragraph.

38. In or about and between May 2017 and November 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NOOR NABI CHOWDHURY and MOHAMMED MAHMUDUR RAHMAN, together with others, during and in relation to the crime charged in Count Three, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of a person, to wit: the name of Victim #5, knowing that the means of identification belonged to Victim #5.

(Title 18, United States Code, Sections 1028A(a)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

39. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance Title 18, United States Code, Section 2323(b)(1), of: (a) any article, the making or trafficking of which is prohibited under Title 17, United States Code, Section 506; Title 18, United States Code, Section 2318, 2319, 2319A, 2319B or 2320; or chapter 90 of Title 18 of the United States Code; (b) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such offense; or (c) any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offense.

40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

41.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

42.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

12

(d)        has been substantially diminished in value; or

(e)        has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

13

# UNITED STATES DISTRICT COURT
## for the
Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No.   24-MJ-184 |
| NOOR NABI CHOWDHURY, | ) |
| | ) Charging District's Case No.   24-CR-466 |
| _Defendant_ | ) |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the _(name of other court)_   Eastern District of New York
.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

❐     an identity hearing and production of the warrant.

❐     a preliminary hearing.

❐     a detention hearing.

☒     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☒ preliminary hearing and/or ☒ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     11/19/2024

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Jeffrey Bagley
_Printed name of defendant's attorney_

17

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| NOOR NABI CHOWDHURY, | ) | Case No. 24-CR-184 |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Noor Nabi Chowdhury _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✗ )  to appear for court proceedings;

( ✗ )  if convicted, to surrender to serve a sentence that the court may impose; or

( ✗ )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( )  (1) This is a personal recognizance bond.

( ✗ )  (2) This is an unsecured bond of $ _25,000.00_ .

( )  (3) This is a secured bond of $ _____ , secured by:

    ( )  (a) $ _____ , in cash deposited with the court.

    ( )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    ( )  (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;

(2) the property is not subject to claims, except as described above; and

(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 11/19/2024

X _____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

Date: 11/19/24

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: 11/19/24

_____
*Judge's signature*

H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 24-MJ-184 |
| NOOR NABI CHOWDHURY, | ) | |
| | ) | Charging District:  Eastern District of New York |
| _____ | ) | Charging District's Case No.  24-CR-466 |
| *Defendant* | ) | |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| | |
|---|---|
| Place: U.S. District Court E.D.N.Y..<br>225 Cadman Plaza East<br>Brooklyn, New York  11201 | Courtroom No.:  Courtroom 2A |
| | Date and Time: 12/5/2024 11:00 am |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:  _____11/19/2024_____

_____
*Judge's signature*

H. Kenneth Schroeder, Jr., U.S. Magistrate Judge
*Printed name and title*

Judge: HKS
AUSA: A. Henning
USPO: BMM

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | | |
|---|---|---|
| United States of America | ) | **ORDER SETTING CONDITIONS** |
| v. | ) | **OF RELEASE** |
| Noor Chowdhury | ) | |
| *Defendant* | ) | Case Number: 24-MJ-184 |

IT IS ORDERED that the release of the defendant is subject to these conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant shall immediately advise the court, defense counsel, U.S. Attorney and the U.S. Probation and Pretrial Services office in writing before any change in address and telephone number.

(4) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified)

_____U.S. District Court_____ on _December 5, 2024 @ 11 a.m._ and as directed thereafter.
_Place_      on      _Date and Time_
225 Cadman Plaza East, Courtroom 2A Brooklyn, NY 11201

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

(X) (5) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X) (6) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
Twenty five thousand dollars ($ 25,000 ) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

**Additional Conditions of Release**

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
(Name of person or organization): _____

(City and state): _____ (Tel. No.) _____
who agrees to (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or is no longer in the custodian's custody.

Signed: _____   _____
         Custodian or Proxy        Date

*DISTRIBUTION:*    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release (continued)

(8) The defendant shall:

(   ) (a) Report to the Pretrial Services within 24 hours of release, telephone number <u>(716) 551-4241</u> , and as directed thereafter.

( **✗** ) (b) Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
     *$25,000 signature bond*

(   ) (c) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described: _____

(   ) (d) Execute a bail bond with solvent securities in the amount of $_____

(   ) (e) Maintain or actively seek employment.

(   ) (f) Maintain or commence an educational program.

( **✗** ) (g) Surrender any passport/passport card to: **the Clerk of the Court**[1]. Surrender other international travel documents to appropriate authorities (i.e. Enhanced Driver's License or NEXUS card).

( **✗** ) (h) Not obtain a passport or other international travel document (i.e. Enhanced Driver's License or NEXUS card).

( **✗** ) (i) Restrict travel to: <u>WD/NY for residency</u> , unless court permission is granted to travel elsewhere. *Defendant may travel to EDNY for Court on December 5 2024.*

(   ) (j) Remain at a verifiable address as approved by Pretrial Services.

(   ) (k) Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services.

(   ) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____

(   ) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

(   ) (n) Return to custody each (week)day as of _____ after being released each (week)day as of _____ for employment, schooling, or the following limited purpose(s): _____

(   ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services.

(   ) (p) Refrain from possessing a firearm, destructive device, or other dangerous weapon.

(   ) (q) Refrain from (   ) any    (   ) excessive use of alcohol.

(   ) (r) Refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner, and/or any other mind altering substances.

(   ) (s) Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized to use or possess medical marijuana under state law.

(   ) (t) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, including co-payment.

(   ) (u) Participate in a program of inpatient or outpatient substance abuse therapy and counseling approved by Pretrial Services. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

(   ) (v) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

(   ) (w) Participate in one of the following location restriction programs and comply with its requirements as directed.
     (   ) (i) **Curfew.** You are restricted to your residence every day (   ) from _____ to _____, or (   ) as directed by the pretrial services office or supervising officer; or
     (   ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
     (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
     (   ) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
         **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

(   ) (x) Submit to the following location monitoring technology and comply with its requirements as directed:
     (   ) (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
     (   ) (ii) SmartLink; or
     (   ) (iii) Radio Frequency; or
     (   ) (iv) GPS.

(   ) (y) Pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(   ) (z) Report within 72 hours, to Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(   ) (aa) _____

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to defendant if the case is dismissed.

*DISTRIBUTION:*    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

**Advice of Penalties and Sanctions**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim, or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court.  The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

Buffalo, NY
_____
City and State

**Directions to United States Marshal**

( X ) The defendant is ORDERED released after processing.

(  ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release.  The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: November 19, 2024

_____
Signature of Judicial Officer

H. Kenneth Schroeder, Jr., USMJ
_____
Name and Title of Judicial Officer